(No. 69166.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JUAN L. SANTILLAN, Appellant.

*Opinion filed September 26, 1990.*

James J. Moroni, of Moroni & Handley, of Carol Stream, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Terence M. Madsen and Richard S. London, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE CALVO delivered the opinion of the court:

Juan L. Santillan, a non-English-speaking defendant, was charged with a criminal offense in the circuit court of Kane County. Defendant required the services of an interpreter. Defendant deposited $2,500 in satisfaction of a $25,000 bail bond.

On May 19, 1989, the criminal charge was nol-prossed. Defendant moved to have his bail bond refund paid to his attorney, and the circuit court so ordered. After defendant and his attorney left the courtroom, the interpreter presented a verified petition for interpreter's fees to the circuit court, and the circuit court ordered

$496 be paid to the interpreter out of defendant's bail bond refund.

Defendant's attorney was unaware of this action by the circuit court until he wrote a letter to the clerk of the circuit court on May 31, 1989, inquiring why he had not received the full bail bond refund. On June 15, 1989, defendant's attorney filed a motion to vacate the bond refund order. At a hearing on the motion on July 10, 1989, the circuit court held section 3 of "An Act relating to the appointment of interpreters in State courts ***" (Ill. Rev. Stat. 1987, ch. 38, par. 165—13) unconstitutional, because the circuit court concluded the county should not be required to pay for an interpreter for a defendant who has not demonstrated indigency. Section 3 provides:

> "The court shall determine a reasonable fee for all such interpreter services which shall be paid out of the general county funds." (Ill. Rev. Stat. 1987, ch. 38, par. 165—13.)

Defendant's attorney appeals from this order pursuant to Supreme Court Rule 603 (107 Ill. 2d R. 603).

Both defendant's attorney and the State argue that section 3 is constitutional. Section 3 provides for payment of an interpreter's fees from general county funds. Section 3 does not make a distinction between defendants who are indigent and defendants who are not indigent. The circuit court cited neither law nor reason why the legislature would be constitutionally prohibited from requiring counties to pay for the required services of an interpreter, regardless of the indigency or lack thereof of a defendant.

As defendant's attorney argues, an interpreter is provided for a non-English-speaking defendant in order to provide a fair trial and to ensure the defendant understands the nature of the criminal proceedings against him. The State points out that if a defendant is unable to

communicate with the court or with his or her counsel, the defendant is effectively denied the right of access to the courts and all other rights are rendered meaningless. We agree with the State that section 3 is narrowly tailored to serve the interests of justice while placing a negligible burden on the counties.

We hold section 3 is constitutional. It was improper for the trial court to hold defendant responsible for the interpreter's costs. We therefore reverse the circuit court, remand the cause, and order that defendant's motion to vacate the bail bond order be allowed.

*Reversed and remanded,*
*with directions.*